**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SHABBIR SHAIKH, | No. 11-70097 |
| Petitioner, | Agency No. A099-396-534 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of Decisions of the
Administrative Appeals Office

Argued and Submitted November 2, 2015
Pasadena, California

Before: W. FLETCHER and GOULD, Circuit Judges, and CHRISTENSEN,**
Chief District Judge.

Petitioner Shabbir Shaikh, a native and citizen of Pakistan, petitions for

review of the denial of his residency applications by the Administrative Appeals

Office ("AAO"), the appellate authority for the U.S. Citizenship and Immigration

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*      The Honorable Dana L. Christensen, Chief District Judge for the U.S.
District Court for the District of Montana, sitting by designation.

Services ("USCIS"). Shaikh entered the United States in 1981 and has since filed two applications for lawful residence. The first application sought lawful temporary residence pursuant to the amnesty provisions of 8 U.S.C. § 1255a ("Amnesty Application"). The second application requested lawful permanent status through section 1104 of the Legal Immigration Family Equity Act of 2000, Pub. L. No. 106-553, 114 Stat. 2762 (2000) ("LIFE Application"). Both of these applications were denied by the AAO. On appeal, Shaikh contends that the AAO abused its discretion by: (1) denying his Amnesty Application by relying on evidence that was not part of the record; (2) denying his Amnesty Application based on a finding that evidence submitted in support of the application was fraudulently produced, primarily a 1984 envelope with a 1989 stamp; (3) taking inconsistent positions on whether the 1984 envelope was genuine; (4) ignoring the totality of the circumstances in denying his Amnesty Application; and (5) denying his LIFE Application. We have jurisdiction under 8 U.S.C. § 1252(a) and deny the petition.

We review a denial of these applications

> solely upon the administrative record established at the time of the review by the appellate authority and the findings of fact and determinations contained in such record shall be conclusive unless the applicant can establish abuse of discretion or that the findings are

directly contrary to clear and convincing facts contained in the record considered as a whole.

8 U.S.C. § 1255a(f)(4)(B); *Guzman-Andrade v. Gonzales*, 407 F.3d 1073, 1075 (9th Cir. 2005).

First, the AAO did not abuse its discretion or render findings contrary to the clear and convincing facts of the record in denying Shaikh's Amnesty Application. The AAO was allowed to take judicial notice of the 2009 Scott Standard Postage Stamp Catalogue and was not required to supplement the record with this generally available reference material. *See United States v. Perea-Rey*, 680 F.3d 1179, 1182 n.1 (9th Cir. 2012) (taking judicial notice of a Google map and satellite image because the source could not reasonably be questioned). Further, the AAO's preliminary determination that the envelope is fraudulently produced is reasonable. The envelope, even though a photocopy and not the original, clearly showed the year 1984 printed over a stamp that was arguably issued in 1989. Shaikh never challenged the AAO's preliminary conclusion that the stamp was not printed until 1989. Instead, he argued that the original 1984 envelope was needed to rebut the AAO's finding of fraud. However, the original envelope was unnecessary, given that there was a concededly correct copy of the envelope in the record.

Further, Shaikh was provided an opportunity to rebut the AAO's finding of fraud with the submission of independent objective evidence. 8 C.F.R. § 103.2(b)(16)(i) (petitioner shall be advised of adverse or derogatory information and given an opportunity to rebut). Shaikh failed to do so. Arguably, Shaikh was given a short amount of time to counter this finding. However, he never requested an extension of time to rebut the AAO's finding of fraud.

Additionally, Shaikh's contention that the two AAO decisions took inconsistent positions as to the genuineness of the 1984 envelope is incorrect. The AAO never found that the letter was genuine in the LIFE Application decision. Instead, the LIFE Application decision focused on the evidence Shaikh submitted to prove his residency. The AAO found clear deficiencies and inconsistencies in the materials provided by Shaikh. Shaikh was provided an opportunity to address these inconsistencies, and he failed to provide any further independent objective evidence.

Finally, the AAO did not abuse its discretion in denying Shaikh's LIFE Application. As stated above, the AAO found deficiencies and inconsistencies in the evidence submitted by Shaikh and gave him an opportunity to address these problems. Shaikh failed to supplement the record with additional materials. The evidence initially provided by Shaikh was thus only minimally relevant because it

4

failed to meet the requirements for proof of residence. 8 C.F.R. § 245a.12(d)(8). Though this evidence is relevant to Shaikh's claim, it is not sufficient to overturn the AAO's decision as an abuse of discretion. *See Brazil Quality Stones, Inc. v. Chertoff*, 531 F.3d 1063, 1070 n. 9 (9th Cir. 2008) (AAO did not abuse its discretion by declining to give evidentiary weight to certain evidence).

**PETITION FOR REVIEW DENIED.**